ROBERT M. CHARLES, JR., ESQ. (NV #6593)
Email: rcharles@lrlaw.com
MICHAEL F. LYNCH, ESQ. (NV #8555)
Email: mlynch@lrlaw.com
LAURY M. MACAULEY, ESQ. (NV #11413)
Email: lmacauley@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 216-6191
*Attorneys for Charles J. Newman*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 10-30955-mkn |
| ROBERT B. KAY, | Chapter 7 |
| Debtor. | |
| FLORINE RADULOVIC-KAY, | Adv. Proc. No.: |
| Plaintiff, | |
| vs. | |
| ROBERT B. KAY, | **NOTICE OF REMOVAL** |
| Defendant, | |
| And | |
| CHARLES J. NEWMAN, Mid America Capital Corporation, North Central Capital Corporation, Cash2Trade.com, Inc., West America Venture Capital Fund, Inc., West America Securities Corp., Merchant Securities Business Trust, Assay Enterprises, LLC, and Does I through X, inclusive, | |
| Third Party Defendants. | |

Defendant, CHARLES J. NEWMAN ("Newman"), by and through his undersigned counsel, and pursuant to Section 1452(a) of Title 28 of the United States Code and Rule 9027 of the Federal Rules of Civil Procedure, hereby removes all claims asserted against the so-called

"Third Party Defendants"[1] in the civil action ("Action") entitled *Florine Radulovic-Kay v. Robert B. Kay, et al.,* case no. D-10-430544-D ("Removed Claims"), now pending in the Family Division of the District Court in and for Clark County, Nevada, and respectfully represents as follows:

### JURISDICTION

This Court has jurisdiction over this Notice of Removal and the Removed Claims, pursuant to 28 U.S.C. §1334, 1452(a) and 28 U.S.C. §157, as a case which "arises under" title 11 of the United States Code, and/or is "related to" the above-entitled Chapter 7 case currently pending in this district. 28 U.S.C. §1334(b). In re Franklin, 802 F.2d 324 (9th Cir. 1986), *cited favorably by* In re Ray, 624 F.3d 1124, 1132 (9th Cir. 2010).

Moreover, this Court has authority to assert ancillary jurisdiction to enforce its own order where another court would otherwise be required to interpret that order and where the outcome could have an effect on the administration of the bankruptcy estate. In re GTI Capital Holdings, L.L.C., 399 B.R. 247, 253-4 (Bkrtcy.D.Ariz. 2008); *but see* In re Valdez Fisheries Development Association, Inc., 439 F.3d 545 (9th Cir. 2006)(ancillary jurisdiction not available after case is dismissed and interpretation of order has no effect on case). This statutory grant of ancillary jurisdiction is independent of the statutory grant of 28 U.S.C. §1334 and gives the Court the power to take whatever steps are necessary to protect its previous order. *Id.*; In the Matter of Prescott College, 10 B.R. 316, 320 (D.Ariz.1981)(bankruptcy court could assert jurisdiction over dispute in which purchaser of property from estate sought to enjoin county from enforcing tax liens).

The claims at issue against the Removed Defendants in this adversary proceeding relate to this Court's previous Order Granting Motion to Sell Property of the Estate Pursuant to 11 U.S.C. §363(B)(1) (the "Sale Order"), entered in this case on June 6, 2011 [DE 60]. The Sale Order approved a Stock Purchase Agreement which contains a provision requiring that disputes thereunder shall be heard by this Court:

---

[1] Although the Plaintiff has named the defendants "Third Party Defendants," these parties have been sued by the Plaintiff. These defendants include Charles J. Newman, Mid America Capital Corporation, North Central Capital Corporation, Cash2Trade.com, Inc., West America Venture Capital Fund, Inc., West America Securities Corp., Merchant Securities Business Trust, Assay Enterprises, LLC, and Does I through X, inclusive ("Removed Defendants").

Lewis and Roca LLP
50 W. Liberty Street
Suite 410
Reno, Nevada 89501

-2-

2835155

8.1…any Proceeding arising out of or relating to this Agreement shall be brought in the United States District Court or United States Bankruptcy Court in the State of Nevada, County of Clark, and each of the parties irrevocably submits to the exclusive jurisdiction of such courts in any such Proceeding, waives an objection it many now or hereafter have to venue or to convenience of forum, agrees that all claims in respect of such Proceeding arising out of or relating to this Agreement in any other court.

The Court's interpretation and enforcement of its own Sale Order is key to the adjudication of the Removed Claims, because the Sale Order approved a release of all claims held by this Chapter 7 estate against Plaintiff in the Stock Purchase Agreement. Nevertheless, the Removed Claims belong to this Chapter 7 estate and were encompassed by the same release. If this Court does not exercise ancillary jurisdiction to interpret the Sale Order, a family law court will be required to do so.

In addition, the exercise of ancillary jurisdiction by this Court is warranted, because the matters at issue herein, including, but not limited to, the requested enforcement of the automatic stay, interfere with and affect the ongoing administration of this Chapter 7 estate. *See, e.g.*, In re Jackson Brook Institute, Inc., 280 B.R. 779784 (D.Maine 2002). Among other reasons, if the Removed Claims proceed to judgment, Newman will assert a claim against the Chapter 7 estate herein for indemnity arising out of the Stock Purchase Agreement and the Sale Order.

This matter is a core proceeding pursuant to 28 U.S.C. §157(b), because it concerns the administration of the Debtor's estate, proceedings to determine, avoid or recover fraudulent conveyances, and orders approving the sale of estate property. In addition, the Removed Claims constitutes a matter to enforce an order of the Court—the Sale Order—which was entered in a core proceeding.

Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

### BACKGROUND

Newman is informed and believes, and on that basis alleges, that, on December 2, 2010, Plaintiff Florine Radulovic-Kay ("Plaintiff Kay"), the Debtor's spouse, filed a First Amended Complaint for Divorce ("Complaint") in the Family Division of the District Court in Clark County, Nevada, naming Newman as a "third party defendant." Then, on February 14, 2012,

Lewis and Roca LLP
50 W. Liberty Street
Suite 410
Reno, Nevada 89501

2835155

Plaintiff Kay filed an Amended Complaint for Divorce, again naming Newman ("Amended Complaint"). Neither Complaint has never been formally served upon Newman nor has any party yet filed a response.

In the Action, Florine Kay alleges that the Debtor and/or the other Removed Defendants "transferred and/or conveyed all or some of the marital property to Charles J. Newman and/or the various business entities without Florine's authorization or consent" and avers that such transfers are "void or voidable." She names Newman as a defendant to this Action, as well as numerous business entities in which Newman and/or the Chapter 7 estate own, in whole or in part.

Because Florine Kay's claims for alleged transfers of marital property constitute property of this Chapter 7 estate pursuant to Bankruptcy Code Section 541, her continued litigation constitutes a willful violation of the automatic stay provisions of Bankruptcy Code Section 362. Moreover, to the extent that any such claims exist for the avoidance of pre-petition, marital property, such claims were fully and finally released by and through the Sale Order entered by this Court and the Stock Purchase Agreement between the Trustee and Newman approved by this Court.

## BASIS FOR REMOVAL

28 U.S.C. Section 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

Newman is a party to the Action which is now pending in the Family Division of the District Court in Clark County, Nevada, which is in this district. Newman filed this Notice of Removal within thirty (30) days of receiving the Amended Complaint, in accordance with Federal Rule of Bankruptcy Procedure 9027(a)(3).

This Court has jurisdiction over this Action pursuant to Section 1334 of Title 28 of the United States Code. The claims alleged in the Action against Newman and others seek the avoidance of transfers of property of this Chapter 7 estate and, by necessity, require the

Lewis and Roca LLP
50 W. Liberty Street
Suite 410
Reno, Nevada 89501

-4-

2835155

interpretation and enforcement of this Court's prior Sale Order  *See*, 11 U.S.C. §541(a). Therefore, the Action constitutes a core proceeding, pursuant to 28 U.S.C.§157(b).

Newman wishes to remove only those claims asserted in the Action against the Removed Defendants, although Plaintiff Kay has not separated out her claims against the Debtor and/or the Removed Defendants.

<u>STATEMENTS PURSUANT TO RULE 9027</u>

The Removed Claims constitute a core proceeding.  Newman consents to the entry of final orders or judgment by the Bankruptcy Court herein.

Newman does not have access to the docket in the Action.  However, to the best of the undersigned attorney's information and belief, a true and correct, redacted copy of Complaint and Amended Complaint for Divorce is attached hereto as **Exhibits "1" and "2"** and incorporated herein by reference.  Due to the confidentiality of Family Division proceedings, the Complaint and the Amended Complaint have been redacted, and Newman will be filing an ex parte application to file the Complaint and the Amended Complaint with this Court under seal.

A copy of this Notice of Removal will be filed with the Clerk of the District Court, Family Division, in Clark County, Nevada, and copies will be served upon all parties.

<u>CONCLUSION</u>

NOW, THEREFORE, all proper parties hereto are hereby notified:

**REMOVAL OF CERTAIN CLAIMS AND CAUSES OF ACTION IN THE ACTION WAS EFFECTED UPON THE FILING OF A COPY OF THIS NOTICE OF REMOVAL WITH THE CLERK OF THE DISTRICT COURT FOR CLARK COUNTY, NEVADA, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(c).  THE REMOVED CLAIMS ARE REMOVED TO THE UNITED STATES BANKRUPTCY COURT IN AND FOR THE DISTRICT OF NEVADA, AND THE PARTIES TO THE**

Lewis and Roca LLP
50 W. Liberty Street
Suite 410
Reno, Nevada 89501

2835155

**REMOVED CLAIMS SHALL PROCEED NO FURTHER IN THE STATE COURT UNLESS OTHERWISE ORDERED BY THE BANKRUPTCY COURT.**

DATED this 17th day of April, 2012.

LEWIS AND ROCA LLP

By:   /s/ Laury M. Macauley
Robert M. Charles, Jr., Esq.
Michael F. Lynch, Esq.
Laury M. Macauley, Esq.
LEWIS AND ROCA LLP
50 W. Liberty Street, Suite 410
Reno, NV 89501
Telephone:  (775) 823-2900
Facsimile:  (775) 832-2929
*Counsel for CHARLES J. NEWMAN*

# EXHIBIT 1

# EXHIBIT 1

ACOM
WILLICK LAW GROUP
MARSHAL S. WILLICK, ESQ.
Nevada Bar No. 002515
3591 E. Bonanza Road, Suite 200
Las Vegas, NV 89110-2101
Phone (702) 438-4100; Fax (702) 438-5311
email@willicklawgroup.com
Attorney for Plaintiff

### DISTRICT COURT
### FAMILY DIVISION
### CLARK COUNTY, NEVADA

FLORINE RADULOVIC-KAY,

        Plaintiff,

vs.

ROBERT B. KAY,

        Defendant,

    and

CHARLES J. NEWMAN, Mid America Capital
Corporation, North Central Capital Corporation,
Cash2Trade.com, Inc., West America Venture Capital
Fund, Inc., West America Securities Corp., Merchant
Securities Business Trust, Our World Live, Inc., Assay
Enterprises, LLC, and Does I through X, inclusive,

        Third Party Defendants.

CASE NO:    D-10-430544-D
DEPT. NO:    E

DATE OF HEARING:    n/a
TIME OF HEARING:    n/a

## AMENDED COMPLAINT FOR DIVORCE

Plaintiff, Florine Radulovic-Kay, by and through her attorneys, the WILLICK LAW GROUP,

as and for her Amended Complaint for Divorce against the above-named Defendants, alleges as

follows:



1.    Florine is now and for more than six weeks prior to the commencement of this action has been, an actual, bona fide resident and domiciliary of the County of Clark, State of Nevada, actually and physically residing and being domiciled therein during all of said period of time.

2.

3.

4.

5.

6.

7.

8.

9.

10.

WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

-2-

11. ████████████████████████████████████

████████████████████████████████████

12.   On information and belief, Robert may have secreted and/or gifted community funds and/or assets and/or engaged in activities which were and are detrimental to the community and constitute community waste during the marriage, the amount of which is currently unknown to Florine. Florine prays leave of Court to amend this Complaint to insert the same when the full extent of the waste become known to her or at the time of trial in this matter; and any community waste should be assessed against Robert's portion of any community asset division.

13.   On further information and belief, Robert has transferred and/or conveyed all or some of the marital property to Charles J. Newman or the various business entities, without Florine's authorization or consent, either express or implied; such property is in the possession or under the control of Robert and/or Defendants named above or identified herein as Does I through X, and believed to be Holding Companies owned by Robert and/or Charles J. Newman, or other entities. The true names and capacities, whether individual, corporate, associate, or otherwise, of such Doe Defendants are unknown to Florine at this time. Florine, therefore, sues said Defendants by such fictitious names and will amend their Complaint to show their true names and capacities when Florine has ascertained the same. Florine believes and maintains that each Defendant named Doe is legally responsible in some manner for the events and happenings referred to herein and proximately caused the damages and injuries to Florine as herein alleged.

14.   On further information and belief, Robert transferred, conveyed, or gifted marital personal property to Charles J. Newman or the various named or to-be-named business entities without Florine's authorization or consent, either express or implied.

15.   On further information and belief, Robert has wrongfully and/or fraudulently, without consideration, transferred and/or conveyed the entire interest of certain stock certificates to Charles J. Newman, without Florine's authorization or consent, either express or implied.

16.   Robert's purported conveyance of marital property to Charles J. Newman, or the various business entities, is void or voidable and should be disregarded in the division of the marital estate, or set aside with the property restored to the marital estate. Alternatively, such conveyances

are inequitable, thereby entitling Florine to a constructive trust over such property that was transferred, or compensation from other assets at least commensurate with the loss incurred.

17.    Charles J. Newman and/or the various named or to-be-named business entities have caused or are causing damage and loss to Florine by holding, secreting, or transferring away from the marital estate valuable assets, and/or conspiring to do so, and Florine prays leave of court to amend this Complaint further to more specifically enumerate causes of action and damages as discovery provides further information.

18.    Florine has been required to hire an attorney to prosecute this action and should be reimbursed for her costs and fees.

19.    ██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
███████████████████

WHEREFORE, Plaintiff prays as follows:

1.    ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████

2.    ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

3.    ██████████████████████████████████████████

4.    ██████████████████████████████████████████████████████████
██████████████████████

5.    ██████████████████████████████████████████████████████████
██████████████████

6.    ██████████████████████████████████████████████████
████████████

7.    ██████████████████████████████████████████████████████████
██████████████████████████

WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

-4-

8.     Property transferred, conveyed, or gifted by Robert be recovered by set aside of the transfers, or otherwise, and restored to the marital estate, to be either divided with Florine or set aside to her entirely.

9.     A constructive trust be imposed over the community property wrongfully conveyed by Robert to Charles J. Newman, and/or the various business entities.

10.     The transfer of any community property to Charles J. Newman, or the various business entities, be disregarded as invalid transfers of marital assets in the division of the marital estate, or set aside with the property restored to the marital estate.

11.     ████████████████████████████

12.     ████████████████████████████████

13.     ████████████████████████████████████

14.     For such other and further relief as the Court deems just and proper in the premises.

**DATED** this ___ day of October, 2010.

WILLICK LAW GROUP


MARSHAL S. WILLICK, ESQ.
Nevada Bar No. 002515
RICHARD L. CRANE, ESQ.
Nevada Bar No. 009536
3591 East Bonanza Road, Suite 200
Las Vegas, Nevada 89110-2101
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY service of the foregoing was made the ___ day of October, 2010, pursuant to NRCP 5(b)(2)(D), by email to rhonda@mushlaw.net and facsimile to (702) 474-4176, addressed as follows:

Rhonda L. Mushkin, Esq.
RHONDA L. MUSHKIN, CHTD.
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorney for Defendant


_____
Employee of the WILLICK LAW GROUP

P:\wp13\RADULOVIC\FF15437.WPD

WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

-6-

# EXHIBIT 2

# EXHIBIT 2

Electronically Filed
02/14/2012 11:47:47 AM

ACOM
WILLICK LAW GROUP
MARSHAL S. WILLICK, ESQ.
Nevada Bar No. 002515
3591 E. Bonanza Road, Suite 200
Las Vegas, NV 89110-2101
Phone (702) 438-4100; Fax (702) 438-5311
email@willicklawgroup.com
Attorney for Plaintiff

**CLERK OF THE COURT**

## DISTRICT COURT
## FAMILY DIVISION
## CLARK COUNTY, NEVADA

FLORINE RADULOVIC-KAY,

          Plaintiff,

    vs.

ROBERT B. KAY,

          Defendant,

    and

CHARLES J. NEWMAN, Mid America Capital
Corporation, North Central Capital Corporation,
Cash2Trade.com, Inc., West America Venture Capital
Fund, Inc., West America Securities Corp., Merchant
Securities Business Trust, Assay Enterprises, LLC, and
Does I through X, inclusive,

          Third Party Defendants.

CASE NO:   D-10-430544-D
DEPT. NO:   E

DATE OF HEARING:   n/a
TIME OF HEARING:   n/a

## AMENDED COMPLAINT FOR DIVORCE

Plaintiff, Florine Radulovic-Kay, by and through her attorneys, the WILLICK LAW GROUP,

as and for her Amended Complaint for Divorce against the above-named Defendants, alleges as

follows:

1. Florine is now and for more than six weeks prior to the commencement of this action has been, an actual, bona fide resident and domiciliary of the County of Clark, State of Nevada, actually and physically residing and being domiciled therein during all of said period of time.



WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

11.  ████████████████████████████████████████

████████████████████████████████████████

12. On information and belief, Robert may have secreted and/or gifted community funds and/or assets and/or engaged in activities which were and are detrimental to the community and constitute community waste during the marriage, the amount of which is currently unknown to Florine. Florine prays leave of Court to amend this Complaint to insert the same when the full extent of the waste become known to her or at the time of trial in this matter; and any community waste should be assessed against Robert's portion of any community asset division, and reduced to judgment as a debt from Robert to Florine.

13. On further information and belief, Robert has transferred and/or conveyed all or some of the marital property to Charles J. Newman or the various business entities, without Florine's authorization or consent, either express or implied; such property is in the possession or under the control of Robert and/or Defendants named above or identified herein as Does I through X, and believed to be Holding Companies owned by Robert and/or Charles J. Newman, or other entities. The true names and capacities, whether individual, corporate, associate, or otherwise, of such Doe Defendants are unknown to Florine at this time. Florine, therefore, sues said Defendants by such fictitious names and will amend their Complaint to show their true names and capacities when Florine has ascertained the same. Florine believes and maintains that each Defendant named Doe is legally responsible in some manner for the events and happenings referred to herein and proximately caused the damages and injuries to Florine as herein alleged.

14. On further information and belief, Robert transferred, conveyed, or gifted marital personal property to Charles J. Newman or the various named or to-be-named business entities without Florine's authorization or consent, either express or implied.

15. On further information and belief, Robert has wrongfully and/or fraudulently, without consideration, transferred and/or conveyed the entire interest of certain stock certificates to Charles J. Newman, without Florine's authorization or consent, either express or implied.

16. Robert's purported conveyance of marital property to Charles J. Newman, or the various business entities, is void or voidable and should be disregarded in the division of the marital

WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

-3-

estate, or set aside with the property restored to the marital estate. Alternatively, such conveyances are inequitable, thereby entitling Florine to a constructive trust over such property that was transferred, or compensation from other assets at least commensurate with the loss incurred.

17.    Charles J. Newman and/or the various named or to-be-named business entities have caused or are causing damage and loss to Florine by holding, secreting, or transferring away from the marital estate valuable assets, and/or conspiring to do so, and Florine prays leave of court to amend this Complaint further to more specifically enumerate causes of action and damages as discovery provides further information.

18.    Florine has been required to hire an attorney to prosecute this action and should be reimbursed for her costs and fees.

19.    Florine has also been required to hire an attorney to represent her interests and that of the children in Robert's bankruptcy action and should be reimbursed for all of her costs and fees incurred in that action.

20.

WHEREFORE, Plaintiff prays as follows:

1.

2.

3.

4.

WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

-4-

5. ███████████████████████████████████

███████████████

6. ███████████████████████████████████

███████████

7.    Robert's community waste be identified, confirmed, and assessed against Robert's portion of any community asset division.

8.    Robert reimburse Florine for her attorney's fees and costs.

9.    Property transferred, conveyed, or gifted by Robert be recovered by set aside of the transfers, or otherwise, and restored to the marital estate, to be either divided with Florine or set aside to her entirely.

10.    A constructive trust be imposed over the community property wrongfully conveyed by Robert to Charles J. Newman, and/or the various business entities.

11.    The transfer of any community property to Charles J. Newman, or the various business entities, be disregarded as invalid transfers of marital assets in the division of the marital estate, or set aside with the property restored to the marital estate.

12. ███████████████████████████████

13. ███████████████████████████████████

14. ███████████████████████████████████████

15. ███████████████████████████████████████

**DATED** this 13ᵗʰ day of February, 2012.

WILLICK LAW GROUP

MARSHAL S. WILLICK, ESQ.
Nevada Bar No. 002515
3591 East Bonanza Road, Suite 200
Las Vegas, Nevada 89110-2101
Attorneys for Plaintiff

WILLICK LAW GROUP
3591 East Bonanza Road
Suite 200
Las Vegas, NV 89110-2101
(702) 438-4100

-5-

## VERIFICATION

I, Florine Radulovic-Kay, am the Plaintiff in the above-entitled action. I have read the foregoing Amended Complaint for Divorce and know the contents thereof, and the same is true of my own knowledge, except as to those matters therein contained stated upon information and belief, and as to those matter, I believe them to be true.

I declare under penalty of perjury, under the laws of the State of Nevada (NRS 53.045 and 28 U.S.C. § 1746), that the foregoing is true and correct.

EXECUTED this 13 day of February, 2012.

_Florine Radulovic-Kay_
Florine Radulovic-Kay

f:\wp13\RADULOVIC.FF1507.WPD

-6-

VILUCK LAW GROUP
301 East Bonanza Road
Suite 200
s Vegas, NV 89110-2101
(702) 435-4100